IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILDEGARD LISSNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 2:07cv414 |
| ) | Electronic Filing |
| WAL-MART STORES EAST, L.P. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff commenced this action seeking redress for injuries sustained when she tripped and fell while shopping in a Wal-Mart store in North Versailles, Pennsylvania. Presently before the court is defendant's motion for summary judgment. For the reasons set forth below, the motion will be denied.

Federal Rule of Civil Procedure 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's claim, and upon which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. When the movant does not bear the burden of proof on the claim, the movant's initial burden may be met by demonstrating the lack of record evidence to support the opponent's claim. National State Bank v. National Reserve Bank, 979 F.2d 1579, 1582 (3d Cir. 1992). Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial," or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Electric

Industrial Corp. v. Zenith Radio Corp., 475 U.S. 574 (1986) (quoting Fed.R.Civ.P. 56 (a), (e)) (emphasis in Matsushita). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

The record as read in the light most favorable to the non-moving party establishes the background set forth below. On December 26, 2005, Hildegard Lissner ("Lissner") was shopping at Wal-Mart when she tripped on a vertical support post connected to a dairy case while reaching for butter. Lissner had been shopping at the store on a monthly basis for "years." She conducted her shopping trips in the same manner: first starting in the back of the store to obtain a case of water and then proceeding to the dairy department to get butter. She followed her routine on the day in question. Unlike previous trips, however, Lissner had to reach into the back of the dairy case to obtain butter, which was normally fully stocked. Although a Wal-Mart employee was stocking butter "a few steps away," she did not ask for assistance in retrieving the butter. In reaching for the butter Lissner had to place her foot under the front portion of the dairy case, which had a horizontal bumper guard with an open space at the bottom. She felt her leg contact the front of the case. Once she retrieved the butter, Lissner turned to continue shopping. As she did so, her foot caught on a small-diameter vertical post supporting the horizontal bumper guard, causing her to fall and sustain injuries.

Defendant contends that it is entitled to summary judgment because the vertical post was a known and obvious hazard which any reasonable customer in Lissner's position would have discovered and avoided. Lissner counters that the vertical post was not a known or obvious dangerous condition and therefore defendant had a duty to warn and protect her from such unreasonable risks of harm. For the reasons that follow, it is clear that material issues of fact remain for trial.

It is well established in Pennsylvania that:

> The duty owed to a business invitee is the highest duty owed to any entrant upon land. The landowner is under an affirmative duty to protect a business visitor not only against known dangers but also against those which might be

discovered with reasonable care.

Campisi v. Acme Markets, Inc., 915 A.2d 117, 119 (Pa. Super. 2006), (quoting Emge v. Hagosky, 712 A.2d 315, 317 (Pa. Super. 1998)). Pennsylvania courts have adopted the Restatement (Second) of Torts § 343, for determining the duty property owners owe invitees. It provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land, if but only if, he: (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

Campisi, 915 A.2d at 119 (quoting Neve v. Insalaco's, 771 A.2d 786, 790 (Pa. Super. 2001) (quoting § 343)).

Defendant asserts that the vertical post was a known and obvious hazard and therefore it had no duty to warn of the condition because of its obviousness. Defendant cites Carrender v. Fitter, 469 A.2d 120 (Pa. 1983), for support. In Carrender, the court stated: "although the question of whether a danger was known or obvious is usually for the jury, the question may be decided by the court where reasonable minds could not differ as to the conclusion." Id. at 124. A danger is obvious when "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment." Id. at 123 (citing Restatement, supra, § 343A(1) comment b).

Carrender is distinguishable. There, the plaintiff sought to recover after she slipped and fell on a patch of ice in a parking lot. In her deposition, she indicated that she saw the ice, parked her car on it, knew it would be difficult to walk across but proceeded to walk across it anyway, despite the availability of other ice-free parking spaces. The Supreme Court held that she could not recover under such circumstances because the obviousness of the danger was established as a matter of law. Other courts have reached the same result where a plaintiff admits that he or she had subjective knowledge of a dangerous condition prior to an accident. See Ambrose v. National Foods Discount, 2000 WL 302694 (D. Virgin Islands March 17,

2000) (The plaintiff had a habit of shopping in the grocery store and knew that it frequently had boxes of extra merchandise in aisle, and she admitted that she saw the box in the aisle and walked safely passed it three times before falling over it.)

These cases differ from the case at hand for several reasons. First, Lissner never admitted that she saw the vertical post which she tripped over on this or any prior shopping trip. In fact, her testimony raises the opposite inference: "when I go shopping I look at the shelves, I look around, I didn't look on the floor." Plaintiff's Deposition (Doc. No. 31-3) at 13. Thus, there is no basis to establish that plaintiff was aware of the danger posed by the vertical post.

Furthermore, the location of the post precludes a determination that any tripping hazard it created was obvious as a matter of law. The available photos indicate the post was small in diameter and set back from the front of the case. It also appears that the opening at the bottom of the case which plaintiff stepped into was not very large, further diminishing the ability to perceive the post and any tripping hazard it created.

Moreover, plaintiff's proffered expert, Ronald W. Eck Ph.D., is prepared to opine that such a condition may well be beyond a reasonable person's gaze. Dr. Eck will testify that the "normal line of sight is about 15 degrees below horizontal relative to the eyes." Report of Dr. Eck (Doc. No. 31-8) at 5. As plaintiff has testified, when she went shopping she looked around and not at the floors. Given the expert testimony concerning the limited range of normal sight and Lissner's testimony concerning her usual visual focus while shopping, the finder of fact may well conclude that such a small object would be unnoticeable unless one was looking directly at the bottom of the case from a fair distance away.

In addition, plaintiff contends that the surrounding environment was designed to divert her attention to other locations, such as towards merchandise and therefore away from the floor. Dr. Eck is also prepared to testify on the use of displays in retail locations and how they are designed to draw shoppers' attention towards merchandise, and in the process may divert a shopper's attention from even visible hazards. Id. Plaintiff's testimony concerning her visual

focus while shopping is consistent with this general retail practice. Consequently, the finder of fact must consider whether the surrounding environment distracted plaintiff from seeing or becoming aware of the post and any danger it presented. See Zito v. Merit Outlet Stores, 647 A.2d 573, 575 (Pa. Super.1994) ("Normally, a person is responsible to observe that which can be seen. However, the evidence presented by the plaintiff was that the defendants created an environment which was designed to attract the shoppers' attention to various displays. In doing so, it prevented the plaintiff from seeing the [condition]. Under these circumstances, the matter should have been submitted to the jury.").

The aforementioned establishes that reasonable minds can differ as to the obviousness of the hazard presented by the vertical support post. Accordingly, questions of fact remain for the jury.

Date: February 27, 2009

                                                      s/ David Stewart Cercone
                                                     David Stewart Cercone
                                                     United States District Judge

cc:      Cary W. Valyo, Esquire
           Janine E. McCarty. Esquire
           Michael H. Rosenzweig, Esquire
           Edgar Snyder & Associates
           600 Grant Street
           10th Floor, US Steel Tower
           Pittsburgh, PA 15219

           Mark R. Hamilton, Esquire
           Cipriani & Werner, P.C.
           650 Washington Road
           Suite 700
           Pittsburgh, PA 15228